DECISION
This matter is before the court on its own motion to dismiss Plaintiffs' appeal for lack of jurisdiction.
 I. STATEMENT OF FACTS
The appeal involves an unimproved tract of land owned by Plaintiffs and identified in the assessor's records as Account 251323. Plaintiffs seek a reduction in the real market value (RMV) of the 2007-08 tax year from $469,050 to an RMV of less than $313,960.[1] The property was unimproved on the January 1, 2007, assessment date for the 2007-08 tax year. Plaintiffs' appeal was filed with this court December 18, 2008. Plaintiffs did not first petition the county board of property tax appeals (board).
 II. ANALYSIS
The Oregon statutes set forth the procedure a taxpayer must follow in order to pursue an appeal of property tax valuation questions in the Tax Court. The general rule is that a taxpayer must appeal to board under ORS 309.100[2] before an appeal is allowed to the Tax Court. *Page 2 
ORS 305.275(3). The tax year at issue is 2007-08, and the deadline for appealing to the board was December 31, 2007. ORS 309.100(2) (2005). Plaintiffs did not appeal to the board, but instead appealed directly to the Tax Court in December 2008. Accordingly, unless Plaintiffs fall into an exception to the general rule, their appeal must be dismissed.
ORS 305.288 provides two exceptions to the general rule that a taxpayer must first appeal to the board. One exception is where the taxpayer alleges an error of at least 20 percent in the value of a residential dwelling (up to 4 units). ORS 305.288(1). That provision is inapplicable because the subject property was an unimproved lot on January 1, 2007 (i.e., did not have a dwelling).
The other exception is where the taxpayer establishes "good and sufficient cause" for failing to appeal to the board before appealing to the Tax Court. ORS 305.288(5)(b)(A) defines "good and sufficient cause" as "an extraordinary circumstance that is beyond the control of the taxpayer[.]" Michael Dobranski appeared for Plaintiffs and explained that he assumed the increase in value in 2007 included the partially completed home, and that it was not until he appealed the value in 2008 that he discovered the 2007 value included only the land.
The statutory definition for good and sufficient cause specifically excludes "inadvertence, oversight, [and] lack of knowledge." ORS305.288(5)(b)(B). The reason for Plaintiffs' failure to appeal the 2007 value is due to lack of knowledge. Plaintiffs' 2007 property tax statement clearly indicates that the RMV, which increased from $52,430 to $469,050, was for "Land" only. The tax statement has a separate line for the value of "Structures" immediately below the line for land values. (Ptfs' Compl Ex A.)
Because Plaintiffs did not appeal to the board in 2007 and failed to meet either of the exceptions provided in ORS 305.288, their appeal must be dismissed. *Page 3 
 III. CONCLUSION
The court concludes that it does not have jurisdiction to hear Plaintiffs' appeal because they did not appeal to the board as required by ORS 305.275 and they do not fall into either of the exceptions provided in ORS 305.288. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal must be dismissed for lack of jurisdiction.
Dated this___day of March 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on March 5, 2009.The Court filed and entered this document on March 5, 2009.
[1] The $313,960 value is the RMV of another unimproved lot Plaintiffs own in a subdivision that they believe is superior to the subject property; hence, the request for a reduction in RMV to less than $313,960 for the subject property.
[2] Unless noted otherwise, all references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1